IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DARITECH, INC., a Washington cor,**

**Plaintiff,**

**v.**

**ANDY WARD, an individual,**

**Defendant.**

**11-CV-570-BR**

**TEMPORARY RESTRAINING ORDER**

**JOHN M. KREUTZER**
Smith Freed & Eberhard P.C.
111 SW Fifth Avenue, Suite 4300
Portland, OR 97204
(503) 227-2424

Attorneys for Plaintiff

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Daritech, Inc.'s Motion (#3) for Temporary Restraining Order. For the

reasons that follow, the Court **GRANTS** Plaintiff's Motion as herein specified.

## STANDARDS

A party seeking a temporary restraining order or preliminary injunction must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (2008). "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Alliance For The Wild Rockies v. Cottrell*, No. 09-35756, 2011 WL 208360, at *4 (9th Cir. Jan. 25, 2011)(citing *Winter*, 129 S. Ct. at 392). Accordingly, the Ninth Circuit has held "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.*, at *7.

"An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear

showing that the plaintiff is entitled to such relief." *Winter*, 129 S. Ct. at 376, 381.

**PRELIMINARY FINDINGS OF FACT**

For purposes of this Motion, the presently uncontested record establishes the following:

Defendant Andy Ward worked for Plaintiff in Rickreall, Oregon, from July 14, 2006, to September 24, 2010, when he resigned. When Defendant was promoted to Oregon Branch Manager in January 2009, he entered into a Noncompetition and Nonsolicitation Agreement which provided in pertinent part:

> During his employment with DariTech and for a period of two (2) years after termination of Employee's employment for any reason, Employee will not, in any manner, whether with or without cause, directly or indirectly, either as owner, officer, employee, independent contractor, stockholder, agent, principal, manager, consultant, partner or otherwise, (i) engage in any business that is considered a competitor of DariTech, the term "competitor" including, but not limited to, persons or entities who sell, distribute, manufacture, or repair dairy equipment and/or related equipment or machinery within the Oregon sales territory; (ii) hire or induce any employee of DariTech to leave its employ or breach an employment agreement with DariTech in order to accept employment in a business or enterprise to which Employee has directly or indirectly become affiliated; or (iii) solicit DariTech's customers, prospects, or vendors during such 2-year period.

Defendant currently works for Standley & Company whose operations are in Idaho and Montana. Standley is a direct competitor of Plaintiff. In his work for Standley, Defendant has

been soliciting the Hutterite community in Montana. The Hutterites have been clients of Plaintiff since at least 2004.

## DISCUSSION

If the Hutterite community in Montana is within the "Oregon sales territory" then it appears Defendant is in violation of both the noncompetition and the nonsolicitation provisions of the Agreement. The term "Oregon sales territory" is not defined in the Agreement. Plaintiff has offered extrinsic evidence that its Oregon Operations Manager was responsible for Montana sales and service obligations. Because Defendant was the Oregon Operations Manager, this record supports the inference for purposes of this Motion only that the "Oregon sales territory" includes servicing the Hutterite community in Montana.

Based on the uncontested record, the Court concludes Plaintiff has made an adequate showing it will suffer immediate and irreparable injury, loss or damage in the form of lost or damaged goodwill, lost business, lost business opportunity, and lost economic value of protected previously confidential and proprietary information if Defendant is not immediately restrained from competing against Plaintiff in Oregon and Montana and from soliciting Plaintiff's customers and prospective customers in Oregon and Montana.

In addition, the Court concludes Plaintiff has made a

showing of likelihood of success on the merits sufficient to warrant the issuance of a temporary restraining order.

The Court notes Defendant has not formally appeared in the action and presently does not have counsel to assist him. Nonetheless, Defendant has participated by telephone on May 25, 2011, and May 26, 2011, when the Court conducted its hearings on this Motion.

Although the Noncompetition and Nonsolicitation Agreement provides that a temporary restraining order may issue to enforce its terms without the need for Plaintiff to post security, the Court nonetheless concludes security in the amount of **$3,500** is sufficient to protect Defendant's interests during the pendency of this temporary Order.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant is temporarily restrained and enjoined from competing against Plaintiff in Oregon and Montana and from soliciting Plaintiff's clients and prospective customers in Oregon and Montana, including any work for Standley & Company in Oregon and Montana pending further order of the Court.

2. Defendant shall appear before this Court on June 6, 2011, at 1:30 pm to show cause, if any thereby why this temporary order of restraint should not continue during the pendency of the action.

3. This Order will expire at the date and time stated in paragraph 2 unless extended by further order or written stipulation of the parties.

4. This Order is effective upon Plaintiff's posting of security in the amount of **$3,500.**

IT IS SO ORDERED.

DATED this 26th day of May, 2011.

ANNA J. BROWN
United States District Judge